### Leonora M. Nott, Impleaded, etc., v. Peter Shutts, Adm., etc.

1. FRAUDULENT CONVEYANCES—*Measure of Proof.*—In order to impeach a conveyance as fraudulent and made for the purpose of defrauding creditors, the proof must be ample, as fraud will not be presumed.

**Bill to Set Aside a Conveyance.**—Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 1, 1900.

C. W. BROWN, attorney for appellant.

J. R. FLANDERS and P. SHUTTS, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.
This was a bill in chancery, filed in the Circuit Court of Will County March 24, 1897, by James P. Hemphill against Leonora M. Nott, the appellant, Seraphina Little and Thomas Little.

The allegations of the bill are in substance, that on No-
vember 6, 1896, James P. Hemphill obtained judgment in
said Circuit Court against Thomas and Seraphina Little for
$1,460 and costs, upon which execution issued and was
returned wholly unsatisfied; that said Thomas and Seraph-
ina Little are husband and wife, residing on certain prem-
ises in the city of Wilmington, upon which they have
resided for about fifteen years last past, and that the
same are reasonably worth $3,000; that about fifteen
years ago said Seraphina Little negotiated for the pur-
-chase of said premises from Daniel Small; that the judg-
ment obtained by Hemphill was for the sum of $1,000,
loaned to Thomas and Seraphina Little in 1884, to enable
Seraphina Little to make a payment upon the purchase
price of said real estate; that said Small died before Seraph-
ina Little obtained a deed from him for said premises, leav-
ing a widow and five children; that in order to complete
the purchase it became necessary to obtain conveyances
from his widow and children; that by deed of December
9, 1891, Seraphina Little obtained the interest of the
widow and one child; that the deeds conveying the
interests of the other children were not made until after
judgment was obtained by said Hemphill against said
Thomas and Seraphina Little as aforesaid; that in order to
defraud said Hemphill and prevent him from collecting
said judgment said Seraphina Little caused the deeds from
the said remaining children of Daniel Small to be made to
the appellant, Leonora M. Nott, her sister, and also caused
the executor of the estate of Daniel Small to make a deed
of said premises to appellant; that said deeds to appellant
were made in furtherance of an understanding and design
between Seraphina Little and appellant to defraud Hemp-
hill and prevent him from collecting his judgment out of
said real estate; that all the moneys for the purchase of
said real estate were in fact advanced by Seraphina Little,
-who was the true owner of said real estate and that if any
part of the purchase price was paid by appellant, such part
was paid for the use of said Seraphina Little in accordance
with the understanding and design between them, to

defraud Hemphill; that appellant holds title under said deeds for Seraphina Little, for the purpose of preventing satisfaction of said judgment out of said premises, and that such conveyances to appellant, as against said Hemphill, are fraudulent; that said Thomas and Seraphina Little had at no time since the rendition of said judgment, any property or effects from which to make the amount thereof. The prayer of the bill was that the deeds to said appellant be decreed to be fraudulent, as against said Hemphill, and the title to said real estate be decreed to be in said Seraphina Little; that the clerk of said court be directed to issue another execution on said judgment and the sheriff directed to levy upon said premises and sell the same as the property of Seraphina Little, for the payment of appellee's judgment. A joint and several answer was filed by Thomas and Seraphina Little and appellant, denying that said deeds were made to appellant in furtherance of any design between the latter and said Thomas and Seraphina Little to defraud said Hemphill or prevent him from collecting his judgment, and alleging that appellant purchased the undivided four-fifths of said premises in good faith with her own individual means, without any intention of defrauding said Hemphill or any other person or persons whatsoever, and that she holds the same for her own use and benefit and as her own individual property.

Before the trial of the cause James P. Hemphill died, and his death having been suggested, Peter Shutts, the administrator of his estate, was, by order of court, substituted as complainant. Upon the trial the court found in favor of appellee; decreed that said conveyances to appellant were fraudulent and void as against appellee; that Seraphina Little was the owner of all interest acquired in said premises by the deeds to appellant; that the Hemphill judgment was a lien upon said real estate subject to the right of homestead, and ordered that execution issue upon the same and be levied upon said real estate. An appeal to this court was prayed and perfected by said Leonora M. Nott.

The only witness introduced by appellee upon the trial of the cause to prove the allegations in the bill, except as to

the value of the property, were appellant and said Seraphina Little. From their testimony it appeared that about 1884, Thomas and Seraphina Little negotiated with Daniel Small for the purchase of the premises described in the bill for $2,000; that a written contract was entered into between Thomas Little and Daniel Small concerning the matter but that the same has since been either destroyed or lost; that about the time of the purchase they paid $500 on the place, which was part of the money borrowed by them from Hemphill; that no further payment on said premises was ever made by Thomas and Seraphina Little directly, although they have continued to occupy the same to the time this suit was brought; that prior to December 9, 1891, Daniel Small died, and on said last mentioned date a deed to one-fifth of the premises, together with the interest of the widow, was made to Seraphina Little on account of services rendered by her to the widow; that in May, 1896, the widow, who had been an invalid for several years, died, leaving a legacy of $2,000 to Seraphina Little, who had cared for her in many ways, since Mr. Small's death, without compensation; that the legacy was 'paid to Mrs. Little in July, 1896, and she, about the same time, turned over $1,000 of it to appellant, who deposited the same in a bank until some time in the following November, when she paid the same to certain heirs of Daniel Small for the four-fifths interest in said premises, conveyed to her by them; that appellant, who was a teacher in the public schools at Wilmington, has resided with the Littles since 1884 on the premises in question; that up to the year 1889, she paid board; that she then commenced to pay the expenses of the family, consisting of Mr. and Mrs. Little and herself, and continued to pay them until 1893, when for two years she again paid board, and Mr. Little resumed the payment of the family expenses; that she afterward ceased to pay board and resumed the payment of the family expenses, including doctor's bills, clothing for Mrs. Little and taxes; that said sum of $1,000 was paid to appellant by her sister to reimburse her for what she had paid on the family expenses.

The only question of importance raised by appellant is

whether the evidence was sufficient to sustain the decree. There was no proof that the original contract in writing for the purchase of the premises was made with Mrs. Little or that the payment of the $1,000 by appellant was made under such contract. Mrs. Little swore that the contract was probably destroyed and that she supposed it was annulled or canceled years ago, when it was found they could not pay for the place.

The evidence failed to show any agreement between Mrs. Little and appellant that the conveyances in question should be taken to the latter for the purpose of defrauding appellee. On the contrary, appellant and her sister swore positively that there was no such agreement between them, but that the payment of the $1,000 was honestly made by Mrs. Little to appellant for the purpose of repaying to the latter what was justly due her. Appellant had for years supported her sister and her husband and paid the taxes on the premises in question, and it does not appear that the $1,000 paid her was more than was rightfully due her. The money was paid to appellant in July, prior to the time Hemphill obtained his judgment against Thomas and Seraphina Little, and kept by her in a bank for some four months before she purchased an interest in the premises in question. There was no reason arising out of the circumstances of this case which would preclude Mrs. Little from repaying appellant the money so advanced by her. Appellant having received the money as her own in good faith, was at liberty to invest it as she saw fit, and the mere fact that she chose to purchase an interest in the premises occupied by her sister and husband is not of itself sufficient to raise a presumption of fraud.

We are of opinion that appellee failed to sustain his bill and the decree in this case will therefore be reversed and the cause remanded, with directions to the court below to dismiss the bill. Reversed and remanded with directions.

Mr. Justice DIBELL took no part in the decision of this case.